UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEALER SPECIALTIES
INTERNATIONAL, INC.,

   Plaintiff,

vs.

CAR DATA 24/7, INC., *et al.*,

   Defendants.

Case No. 1:16-cv-499

Judge Timothy S. Black

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 19)

This civil action is before the Court on Plaintiff's motion for default judgment. (Doc. 19). Defendants did not respond.

### I. PROCEDURAL HISTORY

Plaintiff[1] filed its complaint on April 27, 2016. (Doc. 1). Defendants Car Data 24/7, Inc.,[2] Gary Lindsey, and Sherry Lindsey[3] were served with a copy of the summons and complaint on May 7, 2016. (Docs. 9-11). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendants were required to file and serve their answers no later than May 31, 2016. To date, no responsive pleadings have been filed or served. Accordingly, Plaintiff filed applications to enter default (Docs. 12-14), and on June 2,

---

[1] Plaintiff is a corporation organized and existing under the laws of the state of Ohio with its principal place of business in Monroe, Ohio. (Doc. 1 at ¶ 4).

[2] Defendant Car Data 24/7, Inc., is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Pompano Beach, Florida. (Doc. 1 at ¶ 5).

[3] Defendants Gary and Sherry Lindsey are residents and citizens of Brevard County, Florida and are the owners of Car Data 24/7. (Doc. 1 at ¶ 6).

2

2016, the Clerk properly entered default (Docs. 15-17). Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 19).

## II.     FACTUAL BACKGROUND

The parties entered into a written franchise agreement ("Franchise Agreement") which requires resolution of disputes by arbitration. (Doc. 1, Ex. A). Plaintiff initiated an arbitration proceeding against Defendants before the American Arbitration Association ("AAA"). (Doc. 1 at 2). Plaintiff and its parent corporation, Dealer Specialties, Inc., also sued Defendants in this Court for injunctive relief, which relief is exempt from the Franchise Agreement's arbitration clause. *Dealer Specialties, Inc. v. Car Data 24/7, Inc.*, Case No. 1:15-cv-170 ("Federal Lawsuit"). Defendants alleged a counterclaim nearly identical to the claims raised in arbitration. (Doc. 1 at 2). This Court referred Defendants' claims to arbitration because the Franchise Agreement expressly states that "[i]f a question shall arise as to whether a dispute is governed by this clause, the determination of whether this clause applies to the disputed issue shall be determined by [the] Arbitrator in accordance with the rules of the AAA." (Case No. 1:15-cv-170, Doc. 27).

The arbitrator heard the dispute and rendered an award ("Award") on April 12, 2016. (*Id.*) The Award ordered Defendants Car Data 24/7 and Gary Lindsey to pay Plaintiff $1,224,315.77 in damages, $112,000.00 in attorney's fees, and $22,573.47 in arbitration fees and expenses. (Doc. 1, Ex. B at ¶ 4). The Award granted Plaintiff the total sum of $1,358,889.24. (*Id.*) The arbitrator denied Plaintiff's claim against Defendant Sherry Lindsey and denied Defendants' counterclaim. (*Id.* at ¶ 2).

To date, Defendants Car Data 24/7 and Gary Lindsey have not paid any damages. (Doc. 1 at 3). Plaintiff timely petitioned the Court for confirmation of the Award. (*Id.*) No application to vacate, modify, or contest the Award had been made. (*Id.*)

### III.   STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### IV.   ANALYSIS

Defendants having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d

4

105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012).

Under 9 U.S.C. § 9, an arbitration award must be confirmed by the court where the award is not vacated, modified, or corrected. *Allegra Network, LLC v. Horvath Co.*, No. 12-12683, 2012 U.S. Dist. LEXIS 171642, at *2 (E.D. Mich. Dec. 4, 2012). Accordingly, the Court hereby confirms the arbitrator's April 12, 2016 award. (Doc. 1, Ex. B). Specifically, Plaintiff is entitled to damages against Defendants Car Data 24/7, Inc. and Gary Lindsey,[4] jointly and severally, in the amount of $1,358,889.24, plus interest. The Court has the authority to award interest pursuant to Ohio Revised Code § 1343.03(A). "[Plaintiff] is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code." (*Id.*).[5]

---

[4] The arbitration award specifically denied Plaintiff's claim against Defendant Sherry Lindsey. (Doc. 1, Ex. B at ¶ 2). While entry of default against all Defendants was proper because they failed to answer, the Court declines to award damages against Defendant Sherry Lindsey because an award is not supported by the record.

[5] The language of Ohio Revised Code § 1343.03 will change on September 8, 2016. The only substantive effect of the new language involves providing notice regarding interest rates.

5

## V. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 19) is **GRANTED**. The Arbitration Award is hereby confirmed, and the Clerk shall enter Judgment in favor of Plaintiff and against Defendants Car Data 24/7, Inc. and Gary Lindsey, jointly and severally, in the amount of $1,358,889.24, plus interest.

Upon entry of such judgment by the Clerk, this civil action is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date:  8/4/16                                                                 *s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge